IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE SENTZ                  *

                            *

v.                       *     Civil Action No. WMN-08-3256

                            *

HD SUPPLY WATERWORKS    *

GROUP, INC.            *

                            *

  *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Movant Tiffiany Dahlen (née Sentz) has filed, with third party J.G. Wentworth Originations, LLC, an unopposed "Motion for Approval of this Court to Proceed in Pennsylvania State Court with Sale of Structured Settlement Periodic Payment Rights Awarded." ECF No. 15. Ms. Dahlen's mother, Jane Sentz, brought a wrongful death and survival action against HD Supply Waterworks Group, Inc., in her own capacity and on behalf of her three children. In March 2009, this Court approved a settlement between the parties in which Ms. Dahlen and her siblings were awarded a monthly annuity for thirty years. Ms. Dahlen now wishes to assign the rights to her payments over the next ten years to J.G. Wentworth in exchange for a single purchase price.

The Pennsylvania Structured Settlement Protection Act, 40 Pa. Cons. Stat. § 4001 et seq. (PSSPA), requires Ms. Dahlen and J.G. Wentworth to seek certain court approvals before the sale of the settlement payment rights can occur. Specifically, "[n]o

transfer of structured settlement payment rights shall be

effective . . . unless the payee has filed a petition requesting

such transfer and the petition has been granted by final order

or decree of a court of competent jurisdiction" based on a list

of specific findings.  Such a petition has been filed in the

Court of Common Pleas of Adams County, Pennsylvania.  Prior to

the Pennsylvania Court's approval of the transfer, "[i]f the

transfer would contravene the terms of the structured

settlement," the parties must also seek express approval in

writing from "any court or responsible administrative authority

that previously approved the structured settlement."  Id. §

4003(a)(5)(i).  In this situation, such approval is needed as

the original parties agreed in the settlement agreement that

> neither the Periodic Payments nor any rights thereto
> can be . . . sold . . . either directly or indirectly,
> by such Plaintiff.  No Plaintiff . . . shall have the
> power to effect . . . any such sale. . . . Any
> purported sale . . . of Payment Rights by any
> Plaintiff or other Payee shall be wholly void.

> ECF No. 15-1 § 3.0.

This anti-assignment clause is generally enforceable under

Maryland and Pennsylvania law.  See Della Ratta v. Larkin, 856

A.2d 643, 653 (Md. 2004) ("In general, we have adopted the rule

that an assignment in violation of an anti-assignment clause is

invalid and unenforceable."); CGU Life Ins. Co. of Am. v. Metro.

Mortg. & Sec. Co., 131 F. Supp. 2d 670, 678 (3d Cir. 2001)

2

("While a contractual right to receive a future stream of payments is typically assignable, nonassignment clauses are also valid, although the Pennsylvania courts scrutinize them carefully . . . .").  The liability insurer who was a party to the original settlement agreement, Travelers Property Casualty Company of America, assigned the obligation to make the annuity payments to The Prudential Assigned Settlement Services Corporation (PASSCorp).  Ms. Dahlen and J.G. Wentworth have entered into a Stipulation with PASSCorp and The Prudential Insurance Company of America – the current Annuity Issuer – articulating the mechanism and terms by which the periodic payments will be remitted to J.G. Wentworth.  As part of this stipulation, J.G. Wentworth agrees to

> defend, indemnify, and hold harmless [PASSCorp and Prudential] . . . for any and all claims made in connection with, related to, or arising out of the Purchase Agreement, the Proposed Transfer, the Assigned Payments, any Reassigment, this Stipulation, or the Stipulated Order.

ECF No. 17-3 ¶ 9.

This indemnity clause is a prerequisite under the PSSPA when the transfer contravenes the terms of the original structured settlement.  40 Pa. Cons. Stat. § 4003(a)(5)(i)(A).  When the transferee has agreed to indemnify the obligor and annuity issuer, the obligor and annuity issuer "shall be required to consent to the transfer."  Id.  By entering into the

stipulation and accepting the indemnity clause, PASSCorp and

Prudential have indicated that they would not seek to enforce

the anti-assignment clause in the original settlement agreement.

In light of PASSCorp and Prudential's participation in the

transfer process and the unopposed nature of this Motion, the

Court will approve Tiffiany Dahlen's request to proceed in the

Court of Common Pleas, Adams County, Pennsylvania, in order to

sell certain periodic payments to J.D. Wentworth.

Accordingly, it is this 15th day of April, 2015, ordered

that:

(1)  Plaintiff Tiffiany Dahlen's Motion for Approval to
     Proceed in Pennsylvania State Court, ECF No. 15, is
     granted;

(2)  Plaintiff and J.G. Wentworth Originations, LLC may
     formally petition Pennsylvania Court to transfer
     certain structured settlement periodic payment rights;
     and

(3)  The Clerk of Court shall transmit a copy of this
     Memorandum and Order to all counsel of record.


                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge